1
2
3
4

**YANNI LAW, APC**
John C. Bohren (California State Bar No. 295292)
145 S Spring St; #850
Los Angeles, CA 90012
Telephone: (619) 433-2803
Fax: (800) 867-6779

5
6
7
8
9
10
11

**POULIN | WILLEY | ANASTOPOULO, LLC**
Eric M. Poulin (California State Bar No. 298476)
eric.poulin@poulinwilley.com
Paul J. Doolittle (*Pro Hac Vice Forthcoming*)
Paul.doolittle@poulinwilley.com
cmad@poulinwilley.com
32 Ann Street
Charleston, SC 29403
Telephone: (803) 222-2222
Fax: (843) 494-5536

12

*Attorneys for Plaintiffs*

13

14
15

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

16
17
18
19
20
21
22
23
24

GUST BISCOVICH, individually and on
behalf of all others similarly situated,

           Plaintiff

v

SHARKNINJA OPERATING, LLC.

           Defendant

**Case No:**

1. **Breach of Express Warranty**
2. **Breach of Implied Warranty/ Merchantability**
3. **Magnuson Moss Warranty Act Violation**
4. **Negligent Design Defect**
5. **Strict Liability-Manufacture Defect**
6. **Negligent Failure to Warn**
7. **Fraudulent Concealment**
8. **Strict Liability-Design Defect**
9. **Unjust Enrichment**
10. **Negligence**

    **CLASS ACTION COMPLAINT**
    <u>**JURY TRIAL DEMANDE**</u>D

25
26
27
28

## CLASS ACTION COMPLAINT

Plaintiff Gust Biscovich, ("Plaintiff"), individually and on behalf of all others similarly situated, respectfully submits the following Class Action Complaint against Defendant SharkNinja Operating, LLC, ("Defendant"). Plaintiff makes the following allegations, except as to allegations specifically pertaining to Plaintiff, upon information and belief based on, among other things, the investigation of counsel and review of public documents.

## PRELIMINARY STATEMENT

1.     Defendant designs, manufactures, markets, imports, distributes and sells consumer electronics and kitchen products, including the subject "Ninja Foodi OP300 Series Multi-Function Pressure Cookers." Defendant executed, controlled, or orchestrated every aspect of the Product's inception, design, manufacture, importation, packaging, marketing, distribution, and eventual sale.

2.     When a manufacturer sells a product, it has a duty to ensure that the product functions properly and safely for its advertised use, free from any defects. Upon discovering a defect, a manufacturer must explicitly disclose the defect and take corrective action or cease selling the product. Additionally, when a product manufacturer provides a warranty, it must stand by that warranty. The present class action lawsuit arises from Defendant's breach of these stated duties and obligations.

3.     Plaintiff brings this action on behalf of himself and all other similarly situated persons who purchased any of the following models of Ninja Foodi OP300 Series Multi-Function

Pressure Cookers.[1] ("Recalled Pressure Cookers", "Class Pressure Cookers", or "the Pressure Cookers"):

- OP300
- OP301
- OP301A
- OP302
- OP302BRN
- OP302HCN
- OP302HAQ
- OP302HW
- OP302HB
- OP305
- OP305CO and
- OP350CO

4.     Plaintiff brings this action to remedy various violations of law in connection with Defendant's manufacturing, marketing, advertising, selling and warranting of the Recalled Pressure Cookers.

5.     Specifically, these Recalled Pressure Cookers' lid can be opened during use, causing hot contents to escape, posing a risk of burn injuries to consumers.[2] ("the Defect").

---

[1] https://www.cpsc.gov/Recalls/2025/SharkNinja-Recalls-1-8-Million-Foodi-Multi-Function-Pressure-Cookers-Due-to-Burn-Hazard-Serious-Burn-Injuries-Reported (last accessed May 6, 2025)

[2] *Id.*

6.     On May 1, 2025, Defendant recalled nearly 1.9 million of the above-referenced Recalled Pressure Cookers.[3]

7.     The allegations herein are based on personal knowledge as to Plaintiff's own experience and are made as to other matters based on an investigation by counsel, including counsel's analysis of publicly available information.

## JURISDICTION AND VENUE

8.     This Court possesses subject-matter jurisdiction to adjudicate the claims set forth herein under the provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because (1) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, (2) the action is a class action, (3) there are members of the Class, including Plaintiff, who are citizens of states different from Defendant, and (4) there are more than 100 Class Members.

9.     This Court has personal jurisdiction over Defendant because Defendant has purposefully availed itself to this District's jurisdiction and authority, given that the Defendant has conducted substantial business in this judicial district and in the State of California.

10.     Venue is proper in this District under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District. Defendant sells and distributes its Pressure Cookers throughout the United States and in this District.

## PARTIES

**Plaintiff**

11.     Gust Biscovich is a citizen of the State of California and resides in San Jose, California. San Jose is located within Santa Clara County, California.

---

[3] *Id.*

4

12.     Plaintiff purchased the Pressure Cooker, with the Model Number of OP300, from Defendant Amazon in 2020 based on the representations made by Defendant. During this time, Mr. Biscovich was unaware of the dangerous nature of the Pressure Cookers. Mr. Biscovich purchased the Pressure Cooker with the reasonable assumption that the Pressure Cooker was safe and fit to use for its intended purposes. Mr. Biscovich would not have purchased the Pressure Cooker had he known of the dangerous and defective nature of the Pressure Cooker. As a result, Mr. Biscovich suffered an injury in fact when he spent money on the pressure cooker when he would not otherwise have purchased absent Defendant's misconduct, as alleged herein.

**Defendant**

13.     Defendant SharkNinja Operting, LLC is a Massachusetts limited liability company with its principal place of business in Needham, Massachusetts located at 89 A St Ste 100 Needham, MA, 02494-2806.

14.     Defendant designs, manufactures, markets, distributes, and sells home appliances, electronic accessories, among other electronics, including the Recalled Pressure Cookers, nationwide. Defendant is the warrantor and distributor of the Recalled Pressure Cookers in the United States. Defendant designs, produces, markets, distributes, warrants, and sells pressure cookers, including the Recalled Pressure Cookers, along with many other electronics, in multiple locations across the United States.

**FACTUAL ALLEGATIONS**

15.     Defendant designs, manufactures, markets, distributes, and sells home appliances, electronic accessories, among other electronics, including the Pressure Cookers at subject here, nationwide and online.

16.     Defendant sold the Pressure Cookers at Walmart, Costco, Sam's Club, Amazon and Target stores nationwide, and online at www.Ninjakitchen.com, www.walmart.com, www.costco.com, www.samsclub.com, www.amazon.com and www.target.com from January 2019 through March 2025 for about $200.[4]

17.     Defendant provides each individual with a User's Guide: **Ex. A**.

18.     Defendant's User's Guide also touts the safety features of the Pressure Cooker, stating "As a safety feature, the pressure lid will not unlock until the unit is completely depressurized[5]."

19.     Despite these safety features, and Defendant's claims of safety, Defendant manufactured, designed, marketed, imported, distributed, and sold a product that suffers from serious and dangerous defects.

20.     According to the Consumer Product Safety Commission, SharkNinja has received 106 reports of burn injuries, including more than 50 reports of second- or third-degree burns to the face or body, with 26 lawsuits filed.[6]

21.     As a result of the dangerous and unsafe nature of the Pressure Cookers, on May 1, 2025, SharkNinja announced a recall of the above-mentioned Pressure Cookers.

22.     Plaintiff, along with all other consumers, purchased the Pressure Cookers with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of cooking.

23.     In 2020, Plaintiff purchased the Pressure Cooker, with a Model Number of OP300 through Amazon.

---

[4] *Id.*
[5] Ex. A
[6] *Id.*

24.     Plaintiff's Pressure Cooker is one of the model numbers included within Defendant's Recall.[7]

25.     On May 1, 2025, Amazon notified Plaintiff that the Defendant's Product was subject to recall.

26.     Unknown to Plaintiff and all other purchasers of the Pressure Cookers, prior to the recall, Defendant defectively and negligently designed, manufactured, produced, distributed, and sold the Pressure Cooker as it failed to function properly and safely. Thus, even when using the Pressure Cooker as intended and instructed, Defendant put all consumers of the Pressure Cookers in danger by putting a defective product into the stream of commerce.

27.     These defects make the Pressure Cooker unreasonably dangerous for its intended use by consumers.

28.     Defendant's active and consistent promotion of its pressure cookers, Defendant's general marketing and promotion of its overall positive reputation led Plaintiff, and other consumers, to perceive SharkNinja as a quality company with a strong reputation for producing reliable and safe pressure cookers.

29.     In addition to relying on Defendant's general reputation, which Defendant gained through marketing and promotion, Plaintiff and all other purchasers of the Pressure Cookers chose the specific SharkNinja model because they believed the Pressure Cooker was a high-quality, free of defects, and safe to use product.

30.     Defendant's representations regarding the quality and safety of the Pressure Cookers were false, misleading, and material when Plaintiff, and all consumers, were deciding to purchase the Pressure Cooker.

---

[7] *Id.*

31.    Safer alternative designs were available to Defendant that could have prevented the Pressure Cooker from being defective, dangerous, and unfit for its intended purpose.

32.    As a direct and proximate result of Defendant's failures, consumers of the SharkNinja Pressure Cooker, unknowingly, purchased a dangerous, inoperable, and worthless product.

33.    Plaintiff and Putative Class members were deprived of their benefit of the bargain and was monetarily harmed by Defendant's inoperable, unusable, nonconforming, and dangerous Product.

34.    At no point was Plaintiff informed by Defendant of any recalls or defects related to his pressure cooker by anyone affiliated with SharkNinja. Instead, he learned of the defects through the media.

## CLASS ACTION ALLEGATIONS

35.    Plaintiff brings this action on behalf of himself and as a class action on behalf of all others similarly situated, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure. Specifically, the class and subclass are defined as follows:

**Nationwide Class ("Class"):** All persons in the United States who purchased any recalled SharkNinja Pressure Cooker from January 2019 to March 2025.

36.    Henceforth, the Nationwide Class will be collectively referred to as the "Class". Members of the Class will be referred to as "Class Members".

37.    Excluded from the putative class is any employee or contractor of Defendant and any of their respective members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; and the judicial officers, and their immediate family members, and Court staff assigned to this case. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

38.     The members of the Class are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of Defendant or its affiliates and agents, and from public records.

39.     Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

40.     The Proposed Class is so numerous that the joinder of all members is impracticable.

41.     This action has been brought and may be properly maintained on behalf of the Classes proposed herein under Federal Rule of Civil Procedure 23.

**Numerosity: Fed. R. Civ. P. 23(a)(1)**

42.     Upon information and belief, the Class is so numerous that the joinder of all members is impracticable. While the exact number and identities of individual members of the Class are unknown at this time, such information is in the sole possession of Defendant, and Plaintiff can only obtain it through the discovery process. Members of the Class may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. Mail, Electronic Mail, internet postings, social media, and/or published notice.

**Commonality and Predominance: Fed. R. Civ. P. 23(a)(2)**

43.     This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Class, including, without limitation:

a. Whether Defendant's SharkNinja Foodi OP300 Series Pressure Cookers that Defendant designed and sold possess a material defect;

b. Whether the Defect creates an unreasonable risk of harm to consumers;

c. Whether Defendant knew or should have known that the Pressure Cookers possessed the Defect at the time of sale;

d. Whether Defendant omitted disclosure of the defect;

e. Whether Defendant concealed the Defect, once it knew of the defect;

f. Whether Defendant breached express warranties relating to the Pressure Cookers;

g. Whether Defendant breached implied warranties of merchantability relating to the Pressure Cookers;

h. Whether Defendant violated the Magnusson-Moss Warranty Act;

i. Whether Plaintiff and Class Members are entitled to damages;

j. Whether Plaintiff and Class Members are entitled to replacement or repair of their defective Pressure Cookers;

k. Whether Plaintiff and Class Members are entitled to restitution of the purchase price they paid for their defective Pressure Cookers; and,

l. Whether Plaintiff and Class Members are entitled to other equitable relief, including an injunction requiring that Defendant engage in a corrective notice campaign and/or a recall.

**Typicality: Fed. R. Civ. P. 23(a)(3)**

44.    Plaintiff's claims are typical of the claims of the Class because Plaintiff purchased a Pressure Cooker with the same defects found in all other Pressure Cookers recalled by Defendant and all such members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.

**Adequacy: Fed. R. Civ. P. 23(a)(4)**

45.    Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class that he seeks to represent. Plaintiff has retained counsel competent

and highly experienced in complex and class-action litigation, and he intends to prosecute this action vigorously. Plaintiff and his counsel will fairly and adequately protect the interests of the Classes.

**Superiority: Fed. R. Civ. P. 23(b)(3)**

46.    A class action is superior to any other available means for the fair and efficient adjudication of this controversy and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and other members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendant, so it would be impracticable for members of the Classes to individually seek redress for Defendant's wrongful conduct.

47.    Even if members of the Class could afford individual litigation, the Court system likely could not. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, comprehensive supervision by a single court, and finality of the litigation.

**Declaratory and Injunctive Relief: Fed. R. Civ. P. 23(b)(2)**

48.    Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Class, thereby making appropriate final injunctive relief and declaratory relief, as described herein, with respect to the members of the Class as a whole.

<u>**CAUSES OF ACTION**</u>

<u>**COUNT I**</u>
**BREACH OF EXPRESS WARRANTY**

49.    Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

50.     Plaintiff brings this count on behalf of himself and the Class.

51.     Plaintiff and other Class Members formed a contract with Defendant at the time they purchased their Recalled Pressure Cookers. The terms of the contract include Defendant's promises, affirmations of fact, and express warranties.

52.     The terms of the contract include the promises and affirmations of fact that Defendant made on the Recalled Pressure Cookers' packaging and through marketing and advertising, as described above.

53.     This labeling, marketing, and advertising constitute express warranties, and they became part of the basis of the bargain and are part of the standardized contract between Plaintiff and the Class Members, on the one hand, and Defendant, on the other.

54.     As set forth above, Defendant purports through its advertising, labeling, marketing, and packaging, to create an express warranty that the Recalled Pressure Cookers are safe for their intended use.

55.     Plaintiff and the Class Members performed all conditions precedent to Defendant's liability under this contract when they purchased the Recalled Pressure Cookers.

56.     Defendant breached express warranties as to the Recalled Pressure Cookers and their abilities and qualities because Defendant's Recalled Pressure Cookers contained defects rendering them unsafe for their intended use. Thus, the Recalled Pressure Cookers do not conform to Defendant's affirmations and promises described above.

57.     Neither Plaintiff nor any of the Class Members would have purchased the Recalled Pressure Cookers had they known the true nature of the Defect.

58.     Due to Defendant's breach of warranty, Plaintiff and Class Members suffered, and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

59.    Plaintiff suffered injury through Defendant's conduct because he suffered economic loss and purchased a pressure cooker that is now worthless and unsafe.

<u>COUNT II</u>
**BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**

60.    Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

61.    Plaintiff brings this count on behalf of himself and the Class.

62.    Defendant is a merchant and was at all relevant times involved in the distributing, warranting, and/or selling of the Recalled Pressure Cookers.

63.    The Recalled Pressure Cookers are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Recalled Pressure Cookers, as goods, were purchased.

64.    Defendant entered into agreements with consumers to sell the Recalled Pressure Cookers for Plaintiff's and Class Members' personal use.

65.    The implied warranty of merchantability included with the sale of each Class Pressure Cooker means that Defendant guaranteed that the Recalled Pressure Cookers would be fit for the ordinary purposes for which pressure cookers are used and sold and would not be otherwise injurious to consumers. The implied warranty of merchantability is a critical part of the basis for the benefit of the bargain between Defendant, on the one hand, and Plaintiff and the Class Members, on the other.

66.    Defendant breached the implied warranty of merchantability because the Recalled Pressure Cookers are not fit for their ordinary purpose of safe cooking. After all, Defendant did not indicate that the Recalled Pressure Cookers would contain a hazardous Defect.

67.    Given that Plaintiff and Class Members are unable to safely use the Recalled Pressure Cookers without risk of severe burns or injury, the Recalled Pressure Cookers are not fit for their particular purpose of safe cooking.

68.    Defendant's warranty expressly applies to the purchaser of the Recalled Pressure Cookers, creating privity between Defendant and Plaintiff and Class Members.

69.    Privity, although created, is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and sales. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

70.    Defendant had sufficient notice of its breaches of implied warranties associated with the Recalled Pressure Cookers. Defendant was put on actual notice of its breach through the contract between Plaintiff and Class Members and Defendant, and through its review of consumer complaints. In addition, Defendant's own Recall demonstrates actual notice.

71.    Had Plaintiff, Class Members, and the consuming public known that the Recalled Pressure Cookers had a burn hazard they would not have purchased the Recalled Pressure Cookers, or they would have paid less for the Pressure Cookers.

72.    As a direct and proximate result of the foregoing, Plaintiff and the Classes suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

73.    Plaintiff suffered injury because he purchased a worthless pressure cooker. For all intents and purposes, Plaintiff's pressure cooker is now a notoriously unsafe pressure cooker.

74.    Plaintiff also suffered economic loss due to Defendant's Recall, resulting in a diminished value of the pressure cooker relative to its original purchase price.

75.    Plaintiff has suffered damages in that Plaintiff has been inconvenienced by Defendant's Recall and accompanying refund or replacement. Plaintiff neither anticipated nor paid for a pressure cooker with a hazardous defect.

**COUNT III**
**VIOLATION OF THE MAGNUSON MOSS WARRANTY**
**ACT (15 U.S.C. § 2301 ET SEQ.)**

**(On Behalf of Plaintiff and the Classes)**

76.    Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

77.    Plaintiff brings this count individually and on behalf of the Class.

78.    Plaintiff is a "consumer" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 ET SEQ ("MMWA").

79.    Defendant is a "supplier" and "warrantor" with the meaning of the MMWA.

80.    The Recalled Pressure Cookers are "consumer products" within the meaning of the MMWA.

81.    15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer damaged by a warrantor's failure to comply with a written or implied warranty.

82.    Defendant's express warranties are written warranties within the meaning of the MMWA.

83.    Defendant breached its warranties by offering for sale and selling the Class Pressure Cookers, which were by design and construction defective and unsafe due to the Defect.

84.    Defendant's actions subjected Plaintiff and the Class to danger; those actions also caused monetary damages because the Recalled Pressure Cookers are inherently worth less than they would have been without the Defect.

85.    Additionally, Plaintiff and the Class Members suffered damages in that they have been greatly inconvenienced by this Recall.

86.    Defendant has breached and continues to breach its written and implied warranties of safety and reliability, thereby damaging Plaintiff and the Class, when the pressure cookers fail to perform due to the Defect.

87.    Due to these breaches, Plaintiff and the Class have suffered damages.

88.    Plaintiff and the Classes seek full compensatory, punitive, and consequential damages as allowed by law, and any other relief to which Plaintiff and the Classes may be entitled.

89.    Plaintiff and the Classes suffered injury through Defendant's conduct because Plaintiff and the Classes are now owners of pressure cookers that are worth significantly less, given the Defect and the notoriety thereof.

**COUNT IV**
**NEGLIGENT DESIGN DEFECT**

90.    Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

91.    Plaintiff brings this claim against Defendant on behalf of himself and the Class.

92.    Defendant owed Plaintiff and the Class a duty to reasonably and safely design, manufacture, market, and sell the Recalled Pressure Cookers.

93.    Defendant breached this duty by defectively designing and manufacturing the Recalled Pressure Cookers, thus rendering the pressure cookers neither fit nor suitable for their intended purposes.

94.    Additionally, Defendant's defective design caused monetary damages to Plaintiff and the Class because the Recalled Pressure Cookers now are worth less than they were before the Defect became known, given the notoriety of the Defect.

95.    Defendant did not exercise due care in the production of the Recalled Pressure Cookers. Many other pressure cookers do not have this Defect.

16

96. Plaintiff suffered injury through Defendant's conduct because he suffered economic loss when he purchased a pressure cooker that is now worthless and unsafe.

97. The design of the Recalled Pressure Cookers' defect is unacceptable because other pressure cookers produced by other companies and manufacturers work properly and do not have this same defect. In fact, Defendant has produced other pressure cookers without similar defects.

## COUNT V
## STRICT LIABILITY- MANUFACTURING DEFECT

98. Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

99. At all times relevant to this litigation, Defendant engaged in the business of researching, testing, developing, manufacturing, marketing, selling, distributing, and promoting their Pressure Cookers, which are defective and unreasonably dangerous to consumers, including Plaintiff, because of manufacturing defects, which consumers, including Plaintiff, did not expect.

100. Upon information and belief, the Pressure Cookers were defective and unreasonably dangerous because the pressure-cooking lid can be opened during use, causing hot contents to escape.

101. Plaintiff and Class Members could not reasonably have discovered the Defect, including the manufacturing defect, and risks associated with the defect before or at the time of his purchase. Plaintiff and Class Members relied upon the skill, superior knowledge, and judgment of Defendant.

102. Defendant is liable to Plaintiff and Class Members for injuries caused as a result of its manufacturing defects.

103. The defects in Defendant's Pressure Cookers were substantial and contributing factors in causing Plaintiff's and Class Members' damages, and, but for Defendant's misconduct and omissions and the pressure cookers' defects, including but not limited to its manufacturing

defects, Plaintiff and Class Members would not have sustained the losses that have been sustained to date, and would not have been exposed to the risk and dangers associated with the pressure cookers.

104.    As a direct and proximate result of Defendant's misconduct, Plaintiff and Class Members have suffered and will continue to suffer actual damages from the purchase of worthless, unsafe pressure cookers.

## COUNT VI
## STRICT LIABILTY- FAILURE TO WARN

105.    Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

106.    At all relevant times, Defendant was engaged in the business of manufacturing, marketing, testing, promoting, selling and/or distributing SharkNinja Pressure Cookers in the regular course of business.

107.    At all relevant times, including the time of sale and consumption, Defendant failed to include adequate and proper warnings and/or instructions regarding the defects in its pressure cookers and risk of injury associated with regular and foreseeable use of the pressure cookers.

108.    Defendant had a duty to exercise reasonable care in the advertising and sale of the pressure cookers, including a duty to warn and instruct Plaintiff and Class Members of the dangers associated with use of the pressure cookers that were known or should have been known to Defendant at the time of sale of the pressure cookers to Plaintiff and Class Members.

109.    Defendant knew or should have known Plaintiff and Class Members could foreseeably suffer injury as a result of Defendant's failure to exercise ordinary care in providing adequate warnings or mechanisms as described herein.

110.    Defendant breached its duty to Plaintiff and Class Members by failing to exercise due care under the circumstances.

111. The pressure cookers were not reasonably safe for their intended uses and were defective as described herein as a matter of law due to their lack of appropriate and necessary warnings or safety mechanisms.

112. Defendant, by excising reasonable diligence, could have made such available to Plaintiff and Class Members.

113. As a direct and proximate result of Defendant's failure to provide Plaintiff and Class Members with sufficient or adequate warnings and safety precautions, Plaintiff and Class Members were not adequately informed of the potential dangers and/or defects of the pressure cookers.

114. Had Plaintiff and Class Members been adequately warned of the unreasonable dangers and risks of the pressure cookers, Plaintiff and Class Members would not have purchased or used the Recalled Pressure Cookers.

115. As a direct and proximate result of Defendant's conduct, including actions, omissions and misrepresentations, Plaintiff and Class Members suffered and will continue to suffer actual damages from the purchase of worthless, unsafe pressure cookers.

## COUNT VII
## FRAUD BY OMISSION OR FRAUDULENT CONCEALMENT

116. Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

117. Plaintiff brings this count on behalf of himself and the Class.

118. Defendant knew that the Recalled Pressure Cookers suffered from an inherent defect, were defectively designed and/or manufactured, and were not suitable for their intended use. Defendant designed, engineered, and produced the Recalled Pressure Cookers; therefore, it created the Defect and knew of that Defect.

119.    Defendant concealed from and failed to disclose the defective nature of the Recalled Pressure Cookers to Plaintiff and Class Members.

120.    The fact that Defendant's Recalled Pressure Cookers contained the Defect is a material fact, because the pressure cooker's ability to be opened, closed, or locked is the most basic safety precaution included in pressure cookers.

121.    Defendant knew of the falsity of the Recalled Pressure Cookers safety and/or recklessly disregarded the truth or falsity of the Defect's dangerous nature.

122.    Defendant intended for Plaintiff to act upon such falsity as part of Defendant's commercial operations to sell pressure cookers.

123.    Plaintiff and Class Members would not have purchased the Recalled Pressure Cookers had they known of the Defect. Plaintiff and the Classes did not know of the Defect; in purchasing the Recalled Pressure Cookers, they relied upon Defendant's false presentation of safety.

124.    Plaintiff did not know of and could not have discovered the Defect unless he was to wait for its potential combustion. This possibility exists outside of reality because—even if such a possibility would occur to an ordinary consumer—it is highly improbable that any pressure-cooker retailer would allow for such intensive experiment or inspection.

125.    Defendant had a duty to disclose the defective nature of the Recalled Pressure Cookers to Plaintiff and Class Members, because:

        i      Defendant was in a superior position to know the true state of facts about the Defect in the Recalled Pressure Cookers;

        ii     The omitted facts were material because they directly impact the safety of the Class Pressure Cookers;

iii     Defendant knew the omitted facts regarding the defect were not known to or reasonably discoverable by Plaintiff and Class Members;

iv     Defendant actively concealed the defective nature of the Recalled Pressure Cookers from Plaintiff and Class Members.

126.    The facts concealed or not disclosed by Defendant to Plaintiff and the other Class Members are material. A reasonable person would have considered those facts to be important in deciding whether to purchase or lease Defendant's Recalled Pressure Cookers or to pay a lesser price for them. Specifically, whether a pressure cooker becomes dangerous and inoperable when not correctly designed is a material safety concern, given the inherent burn risk with hot, pressurized contents.

127.    Had Plaintiff and Class Members known about the Defect, they would not have purchased the Recalled Pressure Cookers or would have paid less for them.

128.    Defendant concealed, or failed to disclose, the true nature of the design and/or manufacturing defects contained in the Recalled Pressure Cookers, in order to induce Plaintiff and Class Members to act thereon. Plaintiff and the other Class Members justifiably relied on Defendant's omissions to their detriment, as evident from Plaintiff's and Class Members' purchase of the Recalled Pressure Cookers.

129.    As a direct and proximate result of Defendant's misconduct, Plaintiff and Class Members have suffered and will continue to suffer actual damages. Plaintiff and the Class reserve their right to elect either to (a) rescind their purchase of the Defective Pressure Cookers and obtain restitution or (b) affirm their purchase of the Defective Pressure Cookers and recover damages.

130.    Defendant's acts were done maliciously, oppressively, deliberately, with intent to defraud, and to enrich Defendant in reckless disregard of Plaintiff's and the Class' rights and well-

being. Defendant's conduct warrants an assessment of punitive damages in an amount sufficient to deter such conduct in the future, which amount is to be determined according to proof.

131.    Plaintiff suffered injury through Defendant's conduct in that he suffered economic loss and purchased a worthless, unsafe pressure cooker.

## COUNT VIII
## STRICT LIABILITY- DEFECTIVE DESIGN

132.    Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

133.    Defendant is the designer, manufacturer, seller, distributor, marketer, and supplier of the Recalled Pressure Cooker which was defectively designed and unreasonably dangerous for its intended use by foreseeable consumers such as Plaintiff.

134.    The Recalled Pressure Cooker was unreasonably dangerous in design due to its ability to be opened during use.

135.    The aforementioned design defects rendered Defendant's product unsafe and unfit for its intended use.

136.    Defendant's product was in this defective and dangerous condition at the time it left Defendant's possession.

137.    Defendant failed to act reasonably in choosing a design of the Recalled Pressure Cooker.

138.    Defendant could and should have used a safer alternative design to prevent the Recalled Pressure Cookers from potentially burning its users.

139.    A reasonable consumer, including Plaintiff, would not have reason to expect that the Recalled Pressure Cooker could have its hot contents escape, would not be able to detect any such defect, and would not have any knowledge as to how to prevent such an incident from occurring.

140.    The subject pressure cooker was expected to reach and did reach the intended consumers, including Plaintiff, without substantial change in the condition in which it was sold.

141.    Plaintiff did not misuse or materially alter the subject pressure cooker and is unaware as to how he could have avoided the incident.

142.    The subject pressure cooker was defective at the time of its design, and such defects and risks of harm outweighed the utilities and/or benefits of its design.

143.    At the time it was sold, Defendant knew or should have known that the Recalled Pressure Cookers possessed defects that pose a serious safety risk to Plaintiff and the public.

144.    As a direct and proximate result of the design defects contained within the Recalled Pressure Cooker, Plaintiff suffered and continues to suffer injuries and damages, for which the Defendant in this case is liable.

## COUNT IX
## UNJUST ENRICHMENT

145.    Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

146.    Plaintiff brings this count on behalf of himself and the Class.

147.    Plaintiff, and the other members of the Class, conferred benefits on Defendant in the form of monies paid to purchase Defendant's worthless Recalled Pressure Cookers.

148.    Defendant voluntarily accepted and retained this benefit. Defendant has knowledge and appreciation of this benefit, which was conferred upon it by and at the expense of Plaintiff and the Class Members.

149.    Because Defendant obtained this benefit unlawfully—namely, by selling and accepting compensation for defective Pressure Cookers that were dangerously unsafe—it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

150.    Moreover, the circumstances as described further herein are such that it would be inequitable for Defendant to retain the ill-gotten benefit without paying the value thereof to Plaintiff and the Class Members.

151.    Defendant manufactured, marketed, and sold the Recalled Pressure Cookers under the guise of these Pressure Cookers being safe and operable. Instead, Defendant sold dangerously defective Pressure Cookers that created deadly burn hazards and risks.

152.    Because it would be unjust and inequitable for Defendant to retain the non-gratuitous benefits conferred on it by Plaintiff and members of the Class, Defendant must pay restitution to Plaintiff and members of the Class for its unjust enrichment, as ordered by the Court.

## COUNT X
## NEGLIGENCE

153.    Plaintiff hereby incorporates all paragraphs above as if fully set forth herein.

154.    Plaintiff brings this count on behalf of himself and the Class.

155.    Defendant caused Recalled Pressure Cookers to be sold, distributed, marketed, promoted, and/or used by Plaintiff and the Proposed Class.

156.    At all times relevant to this litigation, Defendant had a duty to exercise reasonable care in the design, research, marketing, advertisement, supply, promotion, packaging, sale, and distribution of Recalled Pressure Cookers, including the duty to take all reasonable steps necessary to provide an effective and safe product.

157.    Defendant breached this duty by producing Recalled Pressure Cookers with a dangerous Defect. For some time, Defendant has produced other Pressure Cookers without this Defect; that in itself is evidence that Defendant did not exercise proper care in producing the Recalled Pressure Cookers. As further evidence of Defendant's lack of care, many other

manufacturers produce pressure cookers without the same risks posed by Defendant's Pressure Cookers.

158.    Accordingly, at all times relevant to this litigation, Defendant knew or, in the exercise of reasonable care, should have known, that not providing a safe Pressure Cooker could cause or be associated with Plaintiff's and Class Members' injuries.

159.    Defendant's alleged negligence included:

    a.    Selling and/or distributing the Recalled Pressure Cookers while negligently and/or intentionally not providing proper safety warnings or mechanisms; and

    b.    Systematically failing to provide consumers with proper safety warnings or mechanisms in multiple states.

160.    As a direct and proximate result of Defendant's negligence, Plaintiff and the Classes have suffered and will continue to suffer actual monetary damages.

161.    But for Defendant's negligent design, production, and marketing of Recalled Pressure Cookers, Plaintiff and the Class would not be injured as they would not have purchased the worthless Recalled Pressure Cookers.

162.    Plaintiff's and Class Members' injuries were foreseeable, because at the time of purchase of Defendant's Product, Defendant had received complaints from consumers regarding lid openings causing hot pressurized contents to escape in the Recalled Pressure Cookers.

163.    Further, it is foreseeable that a pressure cooker with such a defect would be worthless as it would be an incredibly dangerous pressure cooker to use.

164.    Due to Defendant's breach, Plaintiff and the Class were harmed in that they now own a useless pressure cooker with a dangerous Defect given Defendant's confounding lack of due care in designing and producing the Pressure Cookers.

165.    Plaintiff and the Class Members seek actual damages, attorney's fees, costs, and any other just and proper relief available.

166.    Plaintiff suffered injury through Defendant's conduct because he suffered economic loss by purchasing a pressure cooker that is now unsafe and thus worthless.

167.    Plaintiff also suffered damages because Plaintiff and the Classes have been greatly inconvenienced by Defendant's Recall.

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, on behalf of himself and members of the Class, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

A.  Certifying the Classes as proposed herein, designating Plaintiff as Class Representative, and appointing undersigned counsel as Class Counsel;

B.  Declaring that Defendant is financially responsible for notifying the members;

of the Proposed Classes of the pendency of this action;

C.  Awarding all actual, general, special, incidental, statutory, and consequential damages to which Plaintiff and Class Members are entitled;

D.  Instituting an injunction requiring that Defendant engage in a corrective notice campaign;

E.  Scheduling a trial by jury in this action;

F.  Awarding pre- and post-judgment interest on any amounts awarded, as permitted by law;

G.  Awarding costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

H.  Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, individually and on behalf of all those similarly situated, hereby requests a jury trial, pursuant to Federal Rule of Civil Procedure 38, on any and all claims so triable. Dated: May 6, 2025

By: */s/ John C. Bohren*

**YANNI LAW APC**
John C. Bohren (California State Bar No. 298476)
145 S Spring St; #850 Los Angeles, CA 90012
Telephone: (619) 433-2803
Fax: (800) 867-6779
Email:Yanni@bohrenlaw.com

AND

Paul J. Doolittle (*Pro Hac Vice forthcoming*)
**POULIN | WILLEY |**
**ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: 803-222-2222
Fax: 843-494-5536
Email: paul.doolittle@poulinwilley.com
        cmad@poulinwilley.com